MaddeN, Judge,
delivered the opinion of the court:
The plaintiff’s petition, which, the defendant says, fails to state a cause of action, alleges the following facts. The plaintiff is an officer of the Federal Securities and Exchange Commission. His official station was, until March 1942, Washington, D. C., which was also the main office of the Commission. The main office of the Commission was at that time transferred to Philadelphia, Pennsylvania, as a part of the process of decentralizing the Government. On March 5,1942, the plaintiff was directed to proceed to Philadelphia on or about March 16, 1942, to be permanently stationed there. To facilitate the decentralization process, Congress had, on October 10, 1940, 54 Stat. 1105, U. S. C., Title 5, § 73c-l, provided for the payment of—
Expenses which now or hereafter may be authorized by law to be paid from Government funds for the packing, crating, drayage, and transportation of household goods and personal effects of civilian officers and employees of any of the executive departments or establishments of the United States when transferred *449 from one official station to another for permanent duty, * * *
Pursuant to the statute, and the Commission’s order to proceed to Philadelphia, the plaintiff, with the approval of the Chief of the Commission’s Budget and Accounting Section, employed the Merchants’ Transfer and Storage Company, whose bid was the lowest, to perform the “packing, crating, and drayage” of his “household goods and personal effects,” for which that company rendered a bill of $127.30. The goods were by the plaintiff’s direction drayed to the storage house of the company, preparatory to their transportation to Philadelphia after plaintiff had arrived there and found ■a suitable apartment.
On April 7,1942, the President of the United States issued Executive Order No. 9122, of which Section 12 is as follows:
All shipments allowable under these regulations shall begin within six months of the effective date of the transfer of the employee unless an extension is specifically granted by the head of the department or establishment. uch an extension shall be approved by the head of the department or establishment within the six months’ period during which shipment would otherwise begin and shall in no case be for a period exceeding two years from the effective date of the transfer.
On September 9, .1942, the Chairman of the Commission approved plaintiff’s request for an extension such as was ^authorized by the President’s Executive Order, giving plaintiff until March 16,1944, for the transportation of his “household goods and effects” to Philadelphia. Plaintiff has been •seeking a suitable apartment in Philadelphia but has been .unable, as yet, to find one. Plaintiff presented the bill of the Merchants’ Transfer and Storage Company to the Federal Works Agency (Public Buildings Administration), which had charge of such matters. That agency refused to pay the bill but later referred the question to the Comptroller ^General, who affirmed the refusal. The plaintiff, in order to prevent the sale of his goods by the Merchants’ Company for the unpaid charges, paid the bill of $127.50 and now sues the United States for that amount.
The defendant demurs to the plaintiff’s petition on the .ground that, as it contends, an employee is not entitled to be *450 paid the expense of packing, crating, and draying his goods unless they are transported to the new official station. The plaintiff contends that the words, “packing, crating, drayage,. and transportation” as used in the. statute describe four separate kinds of reimbursable expenses, and that an employee, having incurred, as plaintiff has, three of the named kinds of expense, need not wait for reimbursement until he has incurred the fourth, viz, transportation.
■ In support of its contention that expenses such as those for which plaintiff seeks recovery were intended to be paid only when they were incurred as an incident to transportation, the defendant points to several facts claimed by it to' be indicative of that meaning. The title to the Act of October 10,1940, is—
An Act To provide for uniformity of allowances for the transportation of household goods of civilian officers, and employees when transferred from one official station to another for permanent duty. '
The Senate and House Reports on the bill, No. 1591 and No. 1947, 76th Congress, 3d Session, both contain the statement that the bill is the result of a recommendation of the Comptroller General. They say:
The Comptroller General recommends that legislation be enacted to establish uniformity of allowances for the transportation of household goods and personal effects, of civilian officers and employees when transferred from one official station to another for permanent duty.
The President’s executive order, dated November 7, 1940,. had the following heading:
EXECUTIVE ORDER NO. 85 88
Prescribing Regulations Governing the Payment of Expenses of Transportation of Household Goods and Personal Effects of Certain Civilian Officers and Employees of the United States.
Section 4, a part of Section 5, and Section 11 of that order were as follows:
Section 4. Allotuances for Drayage. — The actual costs, of drayage to and from the common carrier shall be allowed : Provided, That in no case shall costs of drayage-. *451 be allowed where door-to-door common-carrier rates are applicable.
SeotioN 5. Means of Shipment. — Shipment shall be-made by the most economical means, taking into consideration the costs of packing, crating, drayage, unpacking, and uncrating. * *. *
Section 11. Shipment from Point Other than Last Official Station. — The expenses of transportation allowable hereunder shall be payable whether the shipment is from the last official station of the employee to the-new one, or from some previous place of residence of' the employee to the new official station, or partially from both: Provided, That the expenses payable shall’ in no case exceed the costs of shipment by the most economical route from the last official station to the new r And provided further, That no expenses shall be allowable for the transportation of property acquired- en route-from the last official station to the new.
As to Sections 5 and 11 of these regulations, the Government urges that.it would not be possible to ascertain whether and how much crating and drayage were compatible with “the most economical means of transportation” when in fact transportation to the new station was not intended to follow the preliminary steps. In fact, it is likely that hardly any-crating, and no drayage at all, would be done in connection with transportation from Washington to Philadelphia, since-the transportation could, probably, be most economically done by a door-to-door motor van.
Plaintiff urges that the requirement in the regulations that “shipment shall be made by the most economical means” was-not intended to, and could not, if it had been intended to do so, deprive an employee of the right to have his goods packed,, crated, and drayed, at Government expense, since those rights were conferred by the applicable statute. We disagree. We-think that for an employee to have his furniture crated, or drayed to a warehouse or elsewhere, when in fact it could be-shipped most economically by being placed directly into a. moving van from the employee’s home, would be nothing but waste which, we think, the statute did not compel the administrative officers of the Government to reimburse from public-funds.
Plaintiff urges the hardship of being compelled to wait along time for his reimbursement for the part of his moving *452 •expenses already incurred, since he has the privilege of ■making his move at any time up to March 16,1944. We recognize the hardship, but we think plaintiff has oversimplified ■the problem. We think it is entirely possible that some of the expenses already incurred may not be reimbursable at all, when and if plaintiff completes his move to Philadelphia, :and all the facts relating to “shipment * * * by the most economical means” are known. We refer to the costs ■of crating and drayage, already discussed.
We conclude that the Public Buildings Administration and the Comptroller General, who in the course of their duties •encountered the statute before we did, were not unreasonable in interpreting it as being primarily intended to reimburse •employees for the transportation of their property to a new .station, and as including the other elements of expense when they were incurred in connection with transportation. We think that the right to separate reimbursement for the separate items mentioned in the statute would create such confusion and possible waste that it may not be supposed to have been intended by Congress, in -the absence of statutory language clearly so stating. We think that the language of the statute does not clearly so state.
The defendant’s demurrer is sustained and the plaintiff’s petition is dismissed.
It is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.